Date signed April 19, 2012



THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| George Edward Barnes, Jr. | * | Case No. | 10-16362-TJC |
| | * | Chapter | 7 |
| | * | | |
| Debtor | * | | |
| ****************************************** | * | | |
| Janet M. Nesse, Chapter 7 Trustee | | | |
| | * | | |
| Plaintiff | * | | |
| vs. | * | | |
| | * | Adversary No. | 11-00290 |
| GMAC Mortgage, LLC | * | | |
| | * | | |
| Defendant | * | | |

### <u>MEMORANDUM OF DECISION</u>

Janet M. Nesse, Chapter 7 Trustee, (the "Trustee") filed this action against GMAC

Mortgage, LLC ("GMAC") to avoid an unrecorded deed of trust lien pursuant to 11 U.S.C.

§544(a)(1) or (3)[1] against real property owned by the debtor, George Edward Barnes, Jr. (the "Debtor") and his non-debtor spouse. GMAC counterclaimed, contending that under the doctrine of equitable subrogation, it is entitled to enforce its equitable lien because the proceeds of its loan were used to pay a prior loan by the Debtor that was secured by a duly recorded deed of trust. The parties have filed cross-motions for summary judgment. The issue they raise is whether the Trustee can utilize §544(a)(1) or (3) to avoid an equitable lien against property held as tenants by the entireties where only one spouse is a debtor in bankruptcy. The Court held a hearing on the cross-motions on March 6, 2012. For the reasons set forth herein, the Court concludes that the Trustee cannot rely on §544(a)(1) or (3) to avoid the equitable lien, and GMAC is entitled to relief under the doctrine of equitable subrogation. The Court, therefore, will deny the Trustee's motion and grant summary judgment in favor of GMAC.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and 1334 and Local Rule 402 of the United States District Court for the District of Maryland. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (K).

*Material Facts Not In Dispute*

The Debtor filed a chapter 7 petition on March 25, 2010. The Trustee was duly appointed and serves as the chapter 7 trustee. The Debtor and his non-debtor spouse, Mayrose Fonseca ("Fonseca"), own as tenants by the entireties, real property located at 22908 Woodfield Road, Gaithersburg, Maryland (the "Property"). Fonseca did not file for bankruptcy relief.

On April 28, 2006, the Debtor and Fonseca executed a deed of trust in favor of MortgageIT, Inc., securing repayment of debt in the amount of $560,000. That deed of trust was duly recorded in the land records.

---

[1] Unless otherwise noted, all statutory references herein are to the United States Bankruptcy Code, 11 U.S.C. §101 *et seq.*, as currently in effect.

On January 19, 2007, the Debtor, alone, signed a promissory note in the amount of $582,000 in favor of Homecomings Financial, LLC.  *See* Claim 13-1, May 5, 2011 (Case No. 10-16362).  GMAC is the current holder of the note.  To secure the loan, the Debtor and Fonseca executed a deed of trust against the Property in favor of the noteholder (the "GMAC DOT").  For unknown reasons, the GMAC DOT was never recorded among the land records.  There is no dispute that the proceeds of the GMAC loan were intended to and did, in fact, satisfy the indebtedness of the note and deed of trust in favor of MortgageIT, Inc.

*Procedural History*

During the Debtor's bankruptcy case, GMAC filed a motion for relief from stay on April 14, 2010 stating that the Property was encumbered by a deed of trust recorded among the land records.  A consent order was entered on May 27, 2010 terminating the automatic stay and permitting GMAC to commence foreclosure proceedings in state court.  The Trustee administered the Debtor's bankruptcy case as a "no asset" case and the Debtor received a discharge on July 9, 2010.  The case was closed on July 22, 2010.

On January 25, 2011, GMAC filed a motion to reopen the bankruptcy case presumably because it determined that its deed of trust was not recorded.  In the motion to reopen, GMAC requested the Court to reopen the case and allow GMAC to file a motion for a limited modification of the discharge injunction so that GMAC could secure its interest in the Property in state court.  The Court reopened the bankruptcy case on January 28, 2011 and GMAC filed its motion for a limited modification of the discharge injunction.  The Trustee opposed the motion and argued that under §544 the Trustee held the Property.  The Trustee also argued that she was entitled to sell the Property for the benefit of the Debtor's joint and non-joint creditors.  The

Court continued the hearing on the motion for limited modification of the discharge injunction until there was a resolution of the Trustee's claim under §544.

On February 24, 2011, the Trustee commenced an adversary proceeding against Fonseca to sell the Property free and clear of her co-ownership and of any interest.  That action was resolved by settlement between the Trustee, the Debtor and Fonseca.  The settlement terms provided that Debtor and Fonseca consented to sell the property, and upon the sale Fonseca would receive her one-half interest.  According to the settlement, the Trustee, on behalf of the bankruptcy estate, was entitled to use the Debtor's one-half interest to pay creditors.  In the meantime, the Trustee filed this adversary proceeding.

*Conclusions of Law*

As pertinent to the cross-motions for summary judgment, the parties agree that there is no material fact in dispute and the cross-motions raise a purely legal issue.  Therefore, the Court will only summarily address the standards governing a motion for summary judgment:

> In bankruptcy, summary judgment is governed in the first instance by Federal Rule of Bankruptcy Procedure 7056, which expressly incorporated into bankruptcy proceedings the standards of Federal Rule of Civil Procedure 56.  A court may award summary judgment only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986);  *In re Apex Express Corp.*, 190 F.3d 624, 633 (4th Cir. 1999).  In evaluating a summary judgment motion, a court "must consider whether a reasonable jury could find in favor of the non-moving party, taking all inferences to be drawn from the underlying facts in the light most favorable to the non-movant."  *Apex*, 190 F.3d at 633.  In doing so, a court is not entitled to either weigh the evidence or make credibility determinations.  *See Anderson*, 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge").  If the moving party is unable to demonstrate the absence of any genuine issue of material fact, summary judgment is not proper and must be denied.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

*Mercantile Peninsula Bank v. French (In re French)*, 499 F. 3d 345, 351-352 (4th Cir. 2007).

It is undisputed that the GMAC DOT was never recorded.  It is also undisputed that the facts make out a *prima facie* claim under Maryland law for the equitable subrogation of GMAC to the loan and deed of trust executed with MortgageIT.  *See Rinn v. First Union Nat. Bank of Maryland*, 176 B.R. 401, 408 (D.Md. 1995) ("Courts have traditionally applied the doctrine of equitable subrogation in the context of one who pays off a mortgage or encumbrance which the principal debtor has failed to discharge.").  Thus, the parties agree that in the absence of some reason to conclude to the contrary, GMAC would be entitled to relief under the doctrine of equitable subrogation.

The Trustee contends, however, that §544(a) allows her to avoid GMAC's equitable lien and defeat GMAC's equitable subrogation claim.  She argues that she has the rights and powers of a judicial lien creditor under §544(a)(1) and a bona fide purchaser of the Property without knowledge of the GMAC DOT under §544(a)(3), and those rights and powers  enable her to defeat GMAC's equitable subrogation claim.  The Trustee further argues that Fonseca has consented to allowing her to sell the Property, and Fonseca's consent bolsters the Trustee's standing under §544.  GMAC argues that §544(a) is not available because only the Debtor, and not Fonseca, is the subject of this bankruptcy proceeding and Fonseca's consent is irrelevant.  Thus the issue is whether the Trustee has authority under§544(a)(1) or (3) to avoid an equitable lien on tenancy by the entireties property when only one co-owner is in bankruptcy.

Section 544(a)(1) and (3) provide, in material part:

> (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—
>
> (1)   a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple

contract could have obtained such a judicial lien, whether or not such a creditor exists;

*****

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

11 U.S.C. §544(a)(1) and (3).[2]

Section 544, the so-called strong-arm clause, enables a trustee to obtain the rights of a hypothetical judgment lien creditor -- in other words the "ideal creditor, irreproachable and without notice, armed *cap-a-pie* with every right and power which is conferred by the law of the state upon its most favored creditor who has acquired a lien by legal or equitable proceedings." *Havee v. Belk*, 775 F.2d 1209, 1218 n. 15 (4th Cir. 1985) (citations omitted). Generally speaking, bankruptcy law disfavors unknown liens and recognizes a trustee's power to defeat unperfected liens. *Rinn*, 176 B.R at 412 (quoting *In re Bridge*, 18 F.3d 195,199 (3rd Cir. 1994). However, in enacting §544, Congress

did not intend to transform the trustee into a super-priority creditor . . . or to grant the trustee a substantial additional mantle of power not available to any actual [creditor or] subsequent purchaser [under state law]. . . . [A]lthough the trustee's strong arm powers arise under federal law, the scope of these avoidance powers vis-à-vis third parties is governed entirely by the substantive law of the state in which the property in question is located as of the bankruptcy petition's filing.

*In re Bridge*, 18 F.3d at 200; *accord Angeles Real Estate Co. v. Kerxton,* 737 F.2d 416, 418 (4th Cir. 1984) ("A trustee in bankruptcy stands in the shoes of the bankrupt and succeeds only to the bankrupt's interest in property [as a judgment lien creditor]. . . . Thus, if under applicable state

---

[2] Under the framework of §544, §544(a)(1) and (3) pertain to real estate; §544(a)(2) pertains to personalty. *See, e.g., In re McLean Industries, Inc.*, 84 B.R. 340, 347 n.4 (Bkrtcy.S.D.N.Y. 1988).

law a judgment lien creditor would prevail over an adverse claimant, the trustee in bankruptcy will prevail; if not, he will not."); *see also Glanz v. RFJ International Corp.*, 205 B.R. 750, 753 (Bankr. D.Md. 1997) (The extent to which a trustee may exercise rights under §544(a) is governed by applicable state law.).

Here, the straightforward application of Maryland law defeats the Trustee's claim. Section 544(a)(1) gives the trustee the rights and powers of, and allows a trustee to avoid a transfer that is voidable by, "a creditor that extends credit to the debtor . . . and obtains . . . a judicial lien on all property on which a creditor on a simple contract could have obtained a judicial lien . . . ." 11 U.S.C. §544(a)(1). The determinative language grants to the Trustee the rights and powers held only by a hypothetical creditor who "extends credit to the debtor." In Maryland, creditors of only one spouse may not reach tenancy by the entireties property for satisfaction of their claims. *Sumy v. Schlossberg*, 777 F.2d 921, 924-925 (4th Cir. 1985) (citing *State v. Friedman*, 393 A.2d 1356, 1359 (Md. 1978). Property held as tenants by the entireties cannot be taken to satisfy individual debts of a husband and wife. *Diamond v. Diamond*, 467 A.2d 510, 513 (Md. 1983).

> The essential nature of an estate by the entireties precludes the recognition of any burden upon it resulting from the separate act or obligation of either of the co-owners. To regard a judgment against one of them as a lien upon his or her interest in such an estate would be in derogation of the entirety of title with which each is invested.

*Hertz v. Mills*, 171 A. 709, 711 (Md. 1934); s*ee also Eastern Shore Bldg. v. Bank of Somerset*, 253 A.2d 367, 370 (Md. 1969) ("A judgment creditor 'stands in the place of his debtor, and he can only take the property of his debtor, subject to the equitable charges to which it was liable in the hands of the debtor, at the time of the rendition of the judgment.'"). Thus, in Maryland, a "creditor that extends credit to the debtor" could not obtain a judicial lien on property owned as

tenants by the entireties.  Accordingly, the Trustee cannot avoid GMAC's equitable lien armed with the powers of §544(a)(1).

Similarly, §544(a)(3) allows the Trustee to avoid an interest avoidable by "a bona fide purchaser of real property . . . from the debtor . . . ."  11 U.S.C. §544(a)(3).  "Maryland retains the estate of tenancy by the entirety in its traditional form."  *Beall v. Beall*, 434 A.2d 1015, 1021 (Md. 1981) (citation omitted).  There can be no bona fide purchaser of real property from one spouse, where the property is owned in tenancy by the entireties.

> By common law, a conveyance to husband and wife does not make them joint tenants, nor are they tenants in common; they are in the contemplation of the law but one person, and hence they take, not by moieties, but by the entirety. Neither can alienate without the consent of the other, and the survivor takes the whole. . . . Tenancy by the entirety may not be severed by the consent of one of the parties or by their individual judgment creditors during their joint lives; except in the case of absolute divorce, during the lifetime of both tenants their estate may be terminated only by the joint action of both and a conveyance by both to a third person.

*Id* (citations omitted); a*ccord Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir. 2004) (the tenancy is "individually indissoluble" and while both spouses are alive, a tenancy by the entireties may only be severed by divorce or joint action).

In this case, there can be no bona fide purchaser of the Property "from the debtor" because a conveyance of the Property would require a conveyance by both the Debtor and Fonseca.  Section 544(a)(3) cannot give the Trustee the status of a bona fide purchaser of the Property from the Debtor where there is no way, under Maryland law, that anyone could obtain that status.  *In re Borison*, 226 B.R. 779, 787 (Bankr. S.D.N.Y. 1998); *Rodriguez v. Countrywide Home Loans, Inc.*, 402 B.R. 299, 312 (Bankr. N.D.Ind. 2009) (Section 544(a)(3) is not available to the trustee because under Indiana law, there cannot be a bona fide purchaser of real property where only one spouse conveys property that is held as tenants by the entireties.).

Finally, the Trustee points out that Fonseca has now consented to having the Trustee sell the Property. She argues that Fonseca's consent cures any limitation to the application of her powers under §544(a)(3) to entireties property because both spouses now join in the hypothetical transfer – the Debtor through the strong arm provision of §544(a)(3) and Fonseca by consent. The Trustee contends that, as a result, she now stands in the shoes of a bona fide purchaser and can defeat GMAC's claim.

The Trustee's argument, while creative, is unavailing. Section 544 gives the Trustee the rights contained therein "without regard to any knowledge of the trustee or any creditor." 11 U.S.C. §544(a). Thus, to the extent §544(a)(1) or (3) apply, the Trustee can enforce those rights and powers without regard to her knowledge. But Fonseca's consent comes with no such freedom from knowledge and the Trustee is well aware of GMAC's equitable lien.

> (I)t is well settled that one who purchases real property, with actual knowledge of prior equities, is not protected as a bona fide purchaser, but such a purchaser takes the property subject to the known equities, which are enforceable against him to the same extent that they are enforceable against the vendor. The reason for the rule is so universally known and recognized that it seems superfluous to state it.

*Lewis v. Rippons*, 383 A.2d 676, 680 (Md. 1978) (internal quotation and citations omitted). Thus, Fonseca's consent cannot give the Trustee the standing of a bona fide purchaser because the Trustee has actual knowledge of GMAC's equitable lien. Fonseca's consent is irrelevant to the issues addressed here.

*Conclusion*

For the foregoing reasons, the Court will deny the Trustee's motion for summary judgment and grant GMAC's motion for summary judgment.

cc:     Debtor
        Debtor's Counsel
        Plaintiff

Plaintiff's Counsel
Defendant
Defendant's Counsel

**End of Memorandum**